UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ELWELL,<br><br>                              Plaintiff,<br><br>v.<br><br>DISTRICT OF MAINE COURT, SOUTH PORTLAND POLICE, et al.<br><br>                              Defendants. | Case No.:  21-cv-1944-CAB-MDD<br><br>**ORDER DISMISSING CIVIL ACTION AS FRIVOLOUS AND FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)** |

On November 15, 2021, Plaintiff filed a pro se complaint listing "All" as the defendant in the caption and stating in the text that he "would like to sue 7 officers of the Maine State Police, The DA who emailed me, alot [sic] of South Portland Police officers, South Portland city Council, Boston Police, State of Massachusetts, DCF of Mass, the FBI in Washington, State of Maine, Cumberland County courts in Maine, and Suffolk, and Worcester county courts in Mass." [Doc. No. 1 at 3.]  Plaintiff did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.]

    **I.**    **Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant

who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

Complaints must also comply with Federal Rule of Civil Procedure 8, which requires that each pleading include a "short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), and that each allegation "be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In addition to the grounds for *sua sponte* dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

Here, Plaintiff's complaint fails to comply with Rule 8 and fails to state a claim upon which relief can be granted. The complaint appears to arise out of Plaintiff's belief that he was falsely arrested in Maine and/or Massachusetts and mistreated by various government entities and officials in those states. The complaint, however, is largely incomprehensible and rambling, does not provide a plain statement of a claim, and alleges few facts. Moreover, the only thing that is clear from the complaint is that it concerns events in Maine and Massachusetts that have no relation to this district, and that it purports to be against only citizens or governmental entities in Maine and Massachusetts over whom courts in California do not have personal jurisdiction, and many of whom likely qualify for some

sort of immunity from suit. Indeed, the complaint even refers to Plaintiff's civil suits against these defendants in Maine or Massachusetts courts, which is where Plaintiff's claims belong. In sum, the complaint is frivolous and fails to state a claim, and even if it did state a claim, the complaint would be subject to dismissal or transfer for improper venue and lack of personal jurisdiction over the defendants.

Accordingly, even if Plaintiff is entitled to proceed IFP, the complaint must be dismissed as frivolous. *Anderson v. Sy*, 486 Fed. Appx. 644 (9th Cir. 2012) ("The district court properly dismissed [the lawsuit] as frivolous because the complaint contains indecipherable facts and unsupported legal assertions."); *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) ("There is no abuse of discretion where a district court dismisses under § 1915(d) a complaint "that merely repeats pending or previously litigated claims.""). Moreover, "[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez*, 203 F.3d at 1128, n.8.

## II. Conclusion

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. The complaint is **DISMISSED** without prejudice to refiling in the appropriate court;
2. Plaintiff's Application to Proceed IFP [Doc. No. 2] is **DENIED AS MOOT**;
3. The Court **CERTIFIES** that an IFP appeal from this order would be frivolous and therefore would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and
4. The Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: November 19, 2021

Hon. Cathy Ann Bencivengo
United States District Judge